IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DAVID BUSH,

        Plaintiff,

v.

        Civil Action Number 3:09cv674

S.C. ADAMS, *et al.*,

        Defendants.

## **MEMORANDUM OPINION**

This matter is before the Court on its own motion to dismiss the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons contained herein, the Court will dismiss this action without prejudice.

**I.    Background**

The Plaintiff, David Bush, brought this action *pro se* seeking declaratory relief and asserting civil rights and state tort claims. On December 28, 2009, Sean Adams and Brian Russell ("the City Defendants") filed a motion to dismiss (Docket No. 7). This motion was accompanied by a proper notice to the *pro se* Plaintiff pursuant to Local Rule of Civil Procedure 7(k) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) ("*Roseboro* Notice"). The Plaintiff responded to the motion on both January 14, 2010 (Docket No. 14) and January 20, 2010 (Docket No. 21). On January 19, 2010, Isara Isabella Serene ("Serene") filed a motion to dismiss (Docket No. 17), but did not provide the Plaintiff with a proper *Roseboro* Notice until February 1, 2010 (Docket No. 24). On January 25, 2010, the City Defendants filed a motion for leave to amend both their

Answer and their motion to dismiss to assert a statute of limitations defense (Docket No. 23), and they filed a proper *Roseboro* Notice related to their January 25, 2010 filing on February 1, 2010 (Docket No. 25). On February 17, 2010, the Plaintiff filed a motion for an extension of time to respond to the City Defendants' and Serene's motions to dismiss (Docket No. 28). Also on February 17, 2010, the Plaintiff filed a response (Docket No. 29) to the City Defendants' first motion to dismiss (Docket No. 7) and Serene's motion to dismiss (Docket No. 17).

In his response to Serene's motion to dismiss, the Plaintiff indicated that he had not received Serene's entire motion to dismiss, so Serene again filed her motion and a *Roseboro* notice electronically on February 18, 2010, and certified that she had mailed the same to the Plaintiff on that date. In its Order of February 22, 2010 (Docket No. 34), the Court explained that, under the circumstances, it "w[ould] treat the controlling service date for Defendant Serene's complete motion to dismiss and corresponding *Roseboro* notice as February 18, 2010." The Court advised the Plaintiff that "his Amended Response will wholly and completely supplant his first response to Defendant Serene's motion to dismiss." The Court also explained unambiguously that the Plaintiff had until March 10, 2010, "twenty days from February 18, 2010," to file his Amended Response. The Plaintiff has not filed any response, has not requested additional time in which to do so, and has not otherwise explained any reasons for his noncompliance with the Court's February 22, 2010 Order. Thus, as of the date of this Memorandum Opinion and accompanying Order, the Plaintiff is fourteen (14) days delinquent in responding to Serene's motion to dismiss, having let thirty-four (34) days elapse since the date on which the motion was filed, and the Plaintiff has not indicated any interest in continuing to prosecute this case against Serene.

Also in its Order of February 22, 2010, the Court granted the City Defendants' motion for

leave to amend and directed them to file an Amended Answer and motion to dismiss within ten (10) days of the entry of the Order. The City Defendants filed their Amended Answer and their amended motion to dismiss with supporting memorandum on February 24, 2010 (Docket Nos. 35, 36, & 37). The amended motion to dismiss contained a proper *Roseboro* Notice. As such, the Plaintiff had twenty (20) days from February 24, 2010 – or until March 16, 2010 – to file a response to the City Defendants' amended motion to dismiss. The Plaintiff has not filed a response to the City Defendants' motion to dismiss, has not requested any additional time in which to do so, and has not otherwise explained any reasons for his failure to prosecute. Thus, as of the date of this Memorandum Opinion and accompanying Order, the Plaintiff is eight (8) days delinquent in responding to the City Defendants' motion to dismiss, having let twenty-eight (28) days elapse since the date on which the motion was filed, and the Plaintiff has not indicated any interest in continuing to prosecute this case against the City Defendants.

The Plaintiff has received five (5) complete *Roseboro* Notices over the course of this litigation. In each of the five *Roseboro* Notices, the Plaintiff was "warned" that, as a *pro se* party, he was "entitled to file a response opposing [the defendants' motions to dismiss] and that any such response must be filed within twenty (20) days of the date on which the [defendants' motions were] filed." The Plaintiff was also warned that "[t]he Court could dismiss the action . . . if the *pro se* party does not file a response." The notice also informed the Plaintiff that he "must identify all facts stated by the moving party with which [he] disagrees and must set forth [his] version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury." Despite having received these five *Roseboro* Notices, and despite the Court's extension

of latitude to the Plaintiff, specifically with respect to Serene's motion to dismiss, the Plaintiff has not filed responses to either Serene's motion to dismiss (Docket No. 17) or the City Defendants' amended motion to dismiss (Docket No. 36).

**II.     Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure provides that an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b) (West 2010). "A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." *McCargo v. Herick*, 545 F.2d 393, 396 (4th Cir. 1976). The power of a district court to dismiss for failure to prosecute is an "inherent power" of the Court that is also authorized by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. The Court may dismiss an action for failure to prosecute with or without notice to the parties. *Rogers v. Kroger Co.*, 669 F.2d 317, 319 (5th Cir. 1982).

In the instant case, the Court finds that the Plaintiff has both (1) failed to prosecute his action by failing to (a) respond timely to either of the pending motions to dismiss, (b) request additional time in which to file a response, or (c) otherwise indicate any interest in continuing to prosecute this action, and (2) failed to comply with the Court's Order of February 22, 2010 by failing to respond as directed to Serene's motion to dismiss by March 10, 2010. The circumstances of this case counsel the Court to invoke its inherent power to dismiss, and the Court finds that involuntary dismissal of the action under Rule 41(b) is appropriate. Thus, the Court

4

must determine whether the action should be dismissed with or without prejudice.

The Court notes the Fourth Circuit's frequent admonition that "[a] dismissal *with* prejudice is a harsh sanction which should not be invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (emphasis added). As such, the Court should consider whether it is more appropriate to "take sanctions of a less drastic nature, such as . . . dismissal *without* prejudice." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 921 (4th Cir. 1982) (emphasis added). In deciding whether to order a dismissal *with* prejudice, the Court must consider (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal. *Chandler*, *supra*, 669 F.2d at 920 (quoting *Davis*, *supra*, 588 F.2d at 70). The Fourth Circuit has explained that "the four factors discussed in *Chandler* are not a rigid four-prong test. Rather, the propriety of a dismissal [with prejudice] depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Considering the *Chandler* factors in light of the particular circumstances of the case at bar, the Court finds that a dismissal of the case *without* prejudice is warranted.

Where a party is proceeding *pro se*, the responsibility for the action rests, by the very nature of being *pro se*, exclusively with the *pro se* party such that the Plaintiff cannot hide behind the alleged negligence or error of any counsel of record as might weigh against dismissing the action with prejudice. However, this inherent personal responsibility must be weighed against the well-established principle that *pro se* litigants are generally "entitled to a certain liberality with respect to procedural requirements." *Mount v. Book-of-the-Month Club, Inc.*, 555 F.2d 1108, 1112 (2d Cir. 1977). Nevertheless, such leniency is usually most appropriate for *pro se prisoners*

5

"because of the unique circumstances of incarceration," and the Supreme Court has made clear that it "ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). The Plaintiff in the case at bar is not a prisoner, and the Court has already granted him considerable leeway. Further, the Court has been particularly concerned that this allegedly *pro se* party has been proceeding since the very beginning of this litigation with heavy assistance from an attorney ghost-writer. To that end, the Court noted in its February 22, 2010 Order that the Plaintiff's pleadings have not been typical of most *pro se* pleadings, suggesting the possibility that they may have been "ghost-written" by an attorney. The Court also noted that this practice is strongly disapproved as unethical and as a deliberate evasion of the responsibilities imposed on attorneys, and the Court's Order served as a warning to that attorney that his actions may be unethical and could serve as a basis for sanctions. The Court is satisfied that this warning served to bring the ghost-writing practice to an end in this matter, and it appears that it is no coincidence that the termination of the Plaintiff's prosecution of this case coincided with the ghost-writer warning.

Yet, while the "degree of personal responsibility" *Chandler* factor counsels in favor of dismissing the action *with* prejudice, the other three factors cannot be said to so counsel, and counsel, instead, in favor of dismissal *without* prejudice. While Serene and the City Defendants have undoubtedly been prejudiced by the Plaintiff's failure to prosecute and the unorthodox manner in which the Plaintiff has handled this litigation (*e.g.*, responding twice to a single motion, requesting extensions of time to file a response when a response had already been timely-filed, etc.), every instance of a plaintiff's failure to prosecute an action will prejudice a defendant to

6

some degree by causing the defendant to incur unnecessary attorneys' fees and the like. There is no indication that the defendants have been so prejudiced by the Plaintiff's failure to respond to their motions to dismiss that a dismissal *with* prejudice is warranted. Similarly, the Plaintiff's history of causing unnecessary delay in this case, while cognizable, cannot be said to be so drawn out and so deliberate as to warrant a dismissal *with* prejudice. Finally, though sanctions such as payment of costs or attorneys' fees do not appear to be a satisfactory or effective "less drastic" course of action in this particular case, the Court is satisfied that dismissal *without* prejudice is an appropriate "less drastic" remedy under the circumstances.

The Plaintiff has been warned *five* times in clear and complete *Roseboro* Notices – to which the Court has frequently referred in its Orders – that "[t]he Court could dismiss the action . . . if the *pro se* [Plaintiff] does not file a response." The Court unambiguously directed the Plaintiff in its Order of February 22, 2010 to file a response to Serene's motion to dismiss by March 10, 2010. The City Defendants informed the Plaintiff in their *Roseboro* Notice of February 24, 2010 that the Plaintiff had 20 days from that date to respond to their motion to dismiss. The Plaintiff has not filed an appropriate response to either Serene's motion to dismiss or the City Defendants' motion to dismiss, and he has also failed to request additional time or otherwise address his noncompliance with the Court's Order and the Federal and Local Rules of Civil Procedure. These facts, taking into consideration the circumstances of this case, in particular the very relevant timing of the Court's ghost-writer warning, evidence a clear and knowing failure on the Plaintiff's behalf to prosecute this case. The interests of justice and judicial economy dictate that the Court exercise its inherent power to dismiss this matter without prejudice.

## III. Conclusion

For the foregoing reasons, the Court will dismiss this matter without prejudice. An appropriate Order shall issue.

<u>March 24, 2010</u>                           <u>                  /s/                  </u>
DATE                                          RICHARD L. WILLIAMS
                                               SENIOR UNITED STATES DISTRICT JUDGE