IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DAVID BUSH,

    Plaintiff,

v.                              Civil Action Number 3:09cv674

S.C. ADAMS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the Plaintiff's Motion for Reconsideration (Docket No. 40) of the Court's March 24, 2010 Final Order (Docket No. 39) and accompanying Memorandum Opinion (Docket No. 38) dismissing the action without prejudice for failure to prosecute. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons set forth herein, the Court will deny the Plaintiff's motion.

**I. Background**

The Plaintiff, David Bush, brought this action *pro se* seeking declaratory relief and asserting civil rights and state tort claims against Sean Adams and Brian Russell (collectively "the City Defendants") and Isara Isabella Serene ("Defendant Serene"). On December 28, 2009, the City Defendants filed a motion to dismiss (Docket No. 7). This motion was accompanied by a proper notice to the *pro se* Plaintiff pursuant to Local Rule of Civil Procedure 7(k) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) ("*Roseboro* Notice"). The Plaintiff responded to the motion on both January 14, 2010 (Docket No. 14) and January 20, 2010 (Docket No. 21). On January 19,

2010, Defendant Serene filed a motion to dismiss (Docket No. 17), but did not provide the Plaintiff with a proper *Roseboro* Notice until February 1, 2010 (Docket No. 24). On January 25, 2010, the City Defendants filed a motion for leave to amend both their Answer and their motion to dismiss to assert a statute of limitations defense (Docket No. 23), and they filed a proper *Roseboro* Notice related to their January 25, 2010 filing on February 1, 2010 (Docket No. 25). On February 17, 2010, the Plaintiff filed a motion (Docket No. 28) for an extension of time to respond to the City Defendants' and Defendant Serene's motions to dismiss. Also on February 17, 2010, the Plaintiff filed a response (Docket No. 29) to the City Defendants' first motion to dismiss (Docket No. 7) and Defendant Serene's motion to dismiss (Docket No. 17).

In his response to Defendant Serene's motion to dismiss, the Plaintiff indicated that he had not received a complete copy of Defendant Serene's motion to dismiss, representing that the copy he received was missing two pages. Defendant Serene, therefore, again filed her motion and a *Roseboro* notice electronically on February 18, 2010 and certified that she had mailed the same to the Plaintiff on that date. In its Order of February 22, 2010 (Docket No. 34), the Court explained that, under the circumstances, it "w[ould] treat the controlling service date for Defendant Serene's complete motion to dismiss and corresponding *Roseboro* notice as February 18, 2010." The Court advised the Plaintiff that "his Amended Response will wholly and completely supplant his first response to Defendant Serene's motion to dismiss." The Court also explained unambiguously that the Plaintiff had until March 10, 2010, "twenty days from February 18, 2010," to file his Amended Response. Also in its Order of February 22, 2010, the Court granted the City Defendants' motion for leave to amend and directed them to file an Amended Answer and motion to dismiss within ten (10) days of the entry of the Order. Additionally, the Court noted that the Plaintiff's pleadings had

2

not been typical of most *pro se* pleadings, suggesting the possibility that they may have been "ghost-written" by an attorney. The Court then warned the ghost-writer attorney that "his actions may be unethical and could serve as a basis for sanctions." Finally, the Court directed the Clerk to "send a copy of [the February 22, 2010] Order to all counsel of record and the *pro se* Plaintiff."

The City Defendants then filed their Amended Answer and their amended motion to dismiss with supporting memorandum on February 24, 2010 (Docket Nos. 35, 36, & 37). The amended motion to dismiss contained a proper *Roseboro* Notice. As such, the Plaintiff had twenty (20) days from February 24, 2010 – or until March 16, 2010 – to file a response to the City Defendants' amended motion to dismiss. Upon the City Defendants' filing of their amended motion to dismiss, the Plaintiff had received five (5) complete *Roseboro* Notices. In each of the five *Roseboro* Notices, the Plaintiff was "warned" that, as a *pro se* party, he was "entitled to file a response opposing [the defendants' motions to dismiss] and that any such response must be filed within twenty (20) days of the date on which the [defendants' motions were] filed." The Plaintiff was also warned that "[t]he Court could dismiss the action . . . if the *pro se* party d[id] not file a response." The notice also informed the Plaintiff that he "must identify all facts stated by the moving party with which [he] disagree[d] and must set forth [his] version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury." Despite having received these five *Roseboro* Notices, and despite the Court's substantial extension of latitude to the Plaintiff, specifically with respect to Defendant Serene's motion to dismiss, the Plaintiff did not file responses to either Defendant Serene's motion to dismiss (Docket No. 17) or the City Defendants' amended motion to dismiss (Docket No. 36). Further, the Plaintiff did not request additional time in which

3

to do so, and he did not otherwise explain any reasons for his noncompliance with the Court's February 22, 2010 Order or the Local Rules of Civil Procedure. As such, on March 24, 2010, the Court initiated its own motion to dismiss the Plaintiff's action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As of that date, the Plaintiff was fourteen (14) days delinquent in responding to Defendant Serene's motion to dismiss, having let thirty-four (34) days elapse since the date on which the motion was filed, and the Plaintiff had not indicated any interest in continuing to prosecute his case against Defendant Serene. Similarly, as of that date, the Plaintiff was eight (8) days delinquent in responding to the City Defendants' motion to dismiss, having let twenty-eight (28) days elapse since the date on which the motion was filed, and the Plaintiff had not indicated any interest in continuing to prosecute his case against the City Defendants.

In its March 24, 2010 Final Order and accompanying Memorandum Opinion, the Court found that the Plaintiff had both (1) failed to prosecute his action by failing to (a) respond timely to either of the pending motions to dismiss, (b) request additional time in which to file a response, or (c) otherwise indicate any interest in continuing to prosecute this action, and (2) failed to comply with the Court's Order of February 22, 2010 by failing to respond as directed to Serene's motion to dismiss by March 10, 2010. The Court also recognized that (1) *pro se* litigants are generally "entitled to a certain liberality with respect to procedural requirements," (2) the Court had already granted the Plaintiff "considerable leeway," and (3) that the allegedly "*pro se*" Plaintiff appeared to have had "heavy assistance from an attorney ghost-writer." The circumstances of the case, therefore, counseled the Court to invoke its inherent power to dismiss, and the Court found that involuntary dismissal of the action under Rule 41(b) was appropriate. Accordingly, the Court

dismissed the action without prejudice. The Court then directed the Clerk to "send a copy of [the March 24, 2010 Final Order] and accompanying Memorandum Opinion to all counsel of record and the *pro se* Plaintiff." Following the entry of the Court's Final Order, the Plaintiff made no motion to alter or amend the final judgment of dismissal; nor did the Plaintiff file a notice of appeal.[1]

On June 18, 2010, the Court received the instant motion to reconsider via regular postal mail in a letter signed by the Plaintiff and dated both June 11, 2010 and June 14, 2010. In his motion, the Plaintiff indicates that "[he] was not notified" of the Court's February 22, 2010 Order granting the Plaintiff "the opportunity to amend [his] complaints and facts in this case." The Plaintiff asserts that "[he] first became aware of the decision while reviewing [Defendant] Serene's motion to quash a subpoena" on May 18, 2010 in a matter originating in the Eastern District of Pennsylvania. The Plaintiff also admits to having impermissibly utilized an attorney ghost-writer and "apologiz[ed] to the courts [sic] for any offence [sic] in the utilization of a 'ghost writer,'" indicating that he was "now aware of the Court's opinion of this and [that] it will not happen again."[2]

**II. Legal Standard**

The Plaintiff's motion to reconsider is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) permits an aggrieved party to file a motion to alter or amend a judgment within twenty-eight days of its entry. Fed. R. Civ. P. 59(e). "While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have

---

[1]The Court advised the Plaintiff in its Final Order of March 24, 2010 that "should he wish to appeal, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of entry hereof. Failure to file a timely notice of appeal may result in the loss of the right to appeal, should such a right exist in this matter."

[2]The Court notes, as it did in its Memorandum Opinion of March 24, 2010, that "it appears that it [wa]s no coincidence that the termination of the Plaintiff's prosecution of this case coincided with the [Court's February 22, 2010] ghost-writer warning." Mem. Op. at 6.

recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

**III. Analysis**

    **A. The Plaintiff's Motion is Untimely**

Preliminarily, the Court notes that it is not confident that the Plaintiff's representation that he was unaware of the proceedings in this matter is truthful. By alleging that he was "not notified" of the Court's Orders in this matter, the Plaintiff implicitly alleges BOTH that (1) either (a) the Clerk's office failed to comply with the Court's direction to mail the February 22, 2010 Order to the Plaintiff or (b) the Order was lost in the mail AND (2) either (a) the Clerk's office failed to comply with the Court's direction to mail the Court's March 24, 2010 Final Order and Memorandum Opinion wherein the Court detailed the contents of the February 22, 2010 Order or (b) the Final Order and Memorandum Opinion were lost in the mail.

Thus, over the course of this litigation, the Plaintiff has alleged that he did not receive (1) two pages of Defendant Serene's motion to dismiss, (2) the Court's February 22, 2010 Order, and (3) the Court's March 24, 2010 Final Order and accompanying Memorandum Opinion. In a more Bondian setting, the Plaintiff would have lost at least his credibility.[3] Indeed, the City Defendants assert in their response to the Plaintiff's instant motion that the Plaintiff's claiming that he did not

---

[3]*See* IAN FLEMING, GOLDFINGER (1959) ("Once is happenstance. Twice is coincidence. The third time it's enemy action.").

6

receive a pertinent document "is his disingenuous custom."[4] City Ds.' Opp'n Mem. at 3 ¶ 9. More troubling still is the fact that the Plaintiff represented to the Court from the very onset of this litigation that he was proceeding "*pro se*," *see* Pl.'s Compl. at 1, only later to admit, after the Court's warning of the possibility of sanctions, that he actually was utilizing a ghost-writer attorney and was not "*pro se*." The Plaintiff was afforded considerable leeway in this proceeding, specifically with respect to timing considerations, because of his alleged *pro se* status, not only by the Orders of the Court, but also under the Local Rules that allow a *pro se* party twenty (20) days to respond to motions, instead of eleven (11) days.

Therefore, the Court has little reason to believe that the Plaintiff did not know of either the Court's February 22, 2010 Order or March 24, 2010 Final Order and accompanying Memorandum Opinion until May 18, 2010. Even assuming, *arguendo*, that the Plaintiff, as he alleges, "first became aware" of the Orders on May 18, 2010, by writing his motion to reconsider on either June 11, 2010 or June 14, 2010, the Plaintiff inexplicably waited either twenty-four (24) or twenty-seven (27) days to begin to address the issue. Further, the "*pro se*" Plaintiff, who is not a prisoner, did not technically "file" his letter until June 18, 2010 (the date of its receipt at the Court), thirty-one (31) days after his alleged initial discovery of the Court's prior Orders. Thus, even if Rule 59(e)'s 28-day countdown began on May 18, 2010, the Plaintiff's motion would still be untimely filed, and the Plaintiff has not shown, or even alleged, excusable neglect for that delay. Accordingly, the Court will deny the Plaintiff's motion for reconsideration as untimely.

---

[4]Indeed, such a practice also tends to provide support for Defendant Serene's claim that the Plaintiff "is using the federal court system to harass and stalk [her]." D. Serene's Opp'n Mem. at 6.

### B. The Plaintiff's Motion, Even If Timely, Is Meritless

Even if the Plaintiff's motion had been filed timely, the Court would still deny it. Again, though Rule 59(e) does not itself provide a standard for when a district court may grant a motion to reconsider, "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson*, *supra*, 994 F.2d at 1081. The Plaintiff has not alleged an intervening change in controlling law, and, indeed, the Court is not aware of any such change. The Plaintiff has alleged that he did not receive two Orders the Court specifically directed the Clerk to send to him, but he has not offered any "new evidence" that reliably counsels the Court to amend or alter its judgment. Finally, the Plaintiff did not allege that the Court committed a clear error of law or manifest injustice in dismissing his suit, and indeed, the Court finds that no such error was committed. Accordingly, even if the Plaintiff had timely filed his motion for reconsideration, the Court would deny it.

## IV. Conclusion

For the foregoing reasons, the Court will deny the Plaintiff's motion for reconsideration. An appropriate Order shall issue.

June 29, 2010　　　　　　　　　　　　　　　　/s/
DATE　　　　　　　　　　　RICHARD L. WILLIAMS
　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE